UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jerry David AGUILAR,<br><br>                        Plaintiff,<br><br>v.<br><br>Darryl BATES, et al.,<br><br>                        Defendants. | Case No.: 15-cv-2446-MMA-AGS<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR COUNSEL**<br>**(ECF No. 47)** |

Pro se plaintiff Jerry Aguilar, who is incarcerated, moves for appointed counsel on the ground that the "issues are complex and require counsel to investigate" and because he "is not aware of all the court[']s time frame ordered." (ECF No. 47, at 1.)

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted). But the court "may" appoint counsel for an indigent civil litigant under 28 U.S.C. § 1915(e)(1), upon a showing of "exceptional circumstances." *Palmer*, 560 F.3d at 970 (citation omitted). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (citation omitted).

Although Aguilar argues that his case is complex, it appears to be relatively straightforward. He alleges a single claim: that prison officials were deliberately indifferent

to his seriously injured ankle. (ECF No. 19, at 16.) And Aguilar has thus far shown that he is capable of litigating this claim on his own. In his 18-page amended complaint, Aguilar set forth in a clear and logical manner not only the supporting facts, but also relevant Supreme Court and Ninth Circuit caselaw. (*Id.* at 1-18.) He also attached 150 pages of exhibits to that amended complaint, which suggests he has already obtained a wealth of relevant evidence without the aid of an attorney. (*See id.* at 19-168.)

Aguilar also protests that he is unaware of "the court[']s time frame ordered," (ECF No. 47, at 1), but the only then-pending deadline was the Court's order that the parties file a Joint Discovery Plan by September 7, 2017. (ECF No. 43, at 1.) Aguilar timely filed a motion to extend that deadline, which the Court is granting in a contemporaneous order. Aguilar has thus far complied with all scheduled court deadlines, and this does not constitute a basis for appointed counsel either.

As Aguilar has not shown exceptional circumstances, his motion for appointed counsel is **DENIED**.

Dated: September 21, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge

2

15-cv-2446-MMA-AGS