UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jerry David AGUILAR,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Darryl BATES, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 15-cv-2446-MMA-AGS<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF MEDICAL EXPERT (ECF No. 84)** |

On November 5, 2014, plaintiff, an inmate incarcerated at Richard J. Donovan Correctional Facility, fractured his right ankle while playing handball. (ECF No. 19, at 3.) He subsequently filed this complaint alleging an Eighth Amendment claim under 42 U.S.C. § 1983, claiming that defendants were deliberately indifferent to his serious medical needs with respect to his treatment for the fractured ankle. More specifically, in his amended complaint (ECF No. 19), plaintiff alleges that defendants did not treat him as promptly as they should have. (*Id.* at 17.) Additionally, plaintiff alleges that defendants were deliberately indifferent by not prescribing him certain pain medications and by unduly delaying a post-operative MRI. (*See id.* at 13-15.) Finally, plaintiff alleges that defendants did not timely make accommodations for the limitations caused by the injury. (*See id.* at 9.)

In this motion, plaintiff seeks appointment of a neutral medical expert and an expert witness. (*See* ECF No. 84.) Plaintiff asserts that he would like to retain experts in this case because of the complexity of the medical treatment involved. (ECF No. 84, at 1.) However, because such an expert is unnecessary, plaintiff's motion is denied.

1

Federal Rule of Evidence 706 allows a district court to appoint an expert on either its own motion or the motion of a party. Fed. R. Evid. 706(a); *McKinney v. Anderson*, 924 F.2d 1500, 1510-11 (9th Cir. 1991), *overruled on other grounds by Helling v. McKinney*, 502 U.S. 903 (1991). Appointment of an expert witness is generally appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." *Torbert v. Gore*, No. 14CV2911 BEN (NLS), 2016 WL 3460262, at *2 (S.D. Cal. June 23, 2016) (quoting *Levi v. Dir. of Corr.*, No. CIVS020910LKKKJMP, 2006 WL 845733, at *1 (E.D. Cal. Mar. 31, 2006)). Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case. *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1181 (E.D. Cal. 2011). Additionally, expert witnesses should not be appointed to serve as an advocate for a party. *Faletogo v. Moya*, No. 12CV631 GPC (WMC), 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013).

After reviewing plaintiff's motion and the operative complaint, the Court concludes that the issues in this case are not so complex as to require the testimony of a court-appointed expert to assist the trier of fact. Plaintiff alleges an Eighth Amendment deliberate indifference claim in his amended complaint. (ECF No. 19.) To prevail on his deliberate indifference claim, plaintiff must show that defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1983). In the context of such a claim, "the question of whether the prison officials displayed deliberate indifference to [plaintiff's] serious medical needs [does] not demand that the jury consider probing, complex questions concerning medical diagnosis and judgment." *Torbert*, 2016 WL 3460262, at *2 (quoting *Levi*, 2006 WL 845733, at *1). Rather, the jury will need to consider the prison official's subjective knowledge of any risks to plaintiff's health. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2002). Courts have declined to appoint an expert under such circumstances. *Torbert*, 2016 WL 3460262, at *2. Further, the determination of whether plaintiff's medical needs were sufficiently "serious" to amount to an Eighth Amendment violation will depend on plaintiff's subjective testimony

regarding the extent of his injuries and how his injuries impacted his daily life. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."). The assistance of a court-appointed expert would not be significantly useful for the trier of fact under these circumstances.

In addition, defendants have already retained a medical expert. (*See* ECF No. 84.) This expert "can assist the jury with any issues in this case not within the common knowledge." *Jiminez v. Sambrano*, 04CV1833 L (PCL), 2009 WL 653877, at *2 (S.D. Cal Mar. 12, 2009). Because this case is not complex, the opinion of one medical expert is sufficient to assist the trier of fact at trial. *See id*. The testimony of a second medical expert is unnecessary.

Plaintiff contends that if he is appointed his own expert, the expert will be able to "provid[e] expert evidence that the treatment he received was with deliberate indifference." (ECF No. 84, at 1.) More specifically, plaintiff contends that an expert witness is "necessary to present evidence that the treatment received had been medically unacceptable the way prison physicians provided Plaintiff medical care, and delay of treatment was harmful causing Plaintiff further injury with deliberate indifference to his serious medical needs." (*Id.* at 4-5.) In short, plaintiff is asking the Court to appoint him an expert witness not to help the trier of fact better understand a complex issue in this case but instead to advocate on plaintiff's behalf. As noted above, Rule 706 does not contemplate that expert witnesses be appointed to serve as an advocate for a party. *Faletogo*, 2013 WL 524037, at *2. To the extent that plaintiff is concerned that defendants' expert witness will deliver biased testimony at trial, plaintiff will have the opportunity to present evidence of bias on cross-examination.

Further, because plaintiff is proceeding *in forma pauperis* (ECF No. 3), the Court assumes that plaintiff is unable to compensate an expert witness.[1] Under the *in forma pauperis* statute, 28 U.S.C. § 1915, the Court is prohibited from using public funds to pay the expenses of witnesses in a § 1983 prisoner civil rights action. *See Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Thus, if the Court were to appoint an expert on behalf of plaintiff, it would be required to apportion the cost of plaintiff's witness to defendants. *See* Fed. R. Evid. 706(b). Courts should appoint an expert for an indigent inmate and apportion all costs to an opponent only "when the expert would significantly help the court" understand complex or compelling issues. *Bovarte v. Schwarzenegger*, No. 08CV1661 LAB (NLS), 2011 WL 748597, at *27 (S.D. Cal. Sept. 21, 2011), *Report and Recommendation adopted at* 2012 WL 760620 (S.D. Cal. Mar. 7, 2012). In instances such as this, where the state government would be required to bear the cost, the Court must exercise caution. *See Jiminez*, 2009 WL 653877, at *2. The facts of this case are no more extraordinary and the legal issues are no more complex than those found in the majority of § 1983 prisoner civil rights cases before this Court, and because defendants have already retained a medical expert in this case, it would be unjust to require the government to bear the cost of an unnecessary court-appointed expert.

For the reasons discussed above, plaintiff's motion for appointment of a neutral expert and an expert witness (ECF No. 84) is denied.

Dated: October 9, 2018

_____
Magistrate Judge Marc L. Goldman

---

[1] Plaintiff does not address in his motion whether he would be able to compensate an expert for his fees and costs.

4