# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DAVID AGUILAR,<br><br>                            Plaintiff,<br>v.<br>BATES, et al.,<br>                            Defendant. | Case No. 15cv2446-MMA (AGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND TO ALTER OR AMEND JUDGMENT**<br><br>[Doc. Nos. 103, 104] |

Plaintiff Jerry David Aguilar, a California state prisoner proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 against five medical professionals at R. J. Donovan Correctional Facility in San Diego, California, alleging violations of his Eighth Amendment right to adequate medical care. Defendants moved for summary judgment as to Plaintiff's claims. *See* Doc. No. 74. On January 17, 2019, the Court granted Defendants' motion for summary judgment in its entirety. *See* Doc. No. 93. The following day, the Clerk of Court entered judgment accordingly. *See* Doc. No. 94. On February 11, 2019, Plaintiff filed a timely notice of appeal. *See* Doc. No. 95. Plaintiff now moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). *See* Doc. No. 103. Plaintiff also moves for relief from judgment pursuant to

Federal Rule of Civil Procedure 60(b).[1] *See* Doc. No. 104. For the reasons set forth below, the Court **DENIES** Plaintiff's motions.

## DISCUSSION

As an initial matter, Plaintiff moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "That time period is jurisdictional and cannot be extended by the court." *Scott v. Younger*, 739 F.2d 1464, 1467 (9th Cir. 1984) (citing Fed. R. Civ. P. 6(b); *Glass v. Seaboard Coast Line Railroad Co.*, 714 F.2d 1107, 1109 (11th Cir. 1983)). The Clerk entered a separate judgment in this action on January 18, 2019. *See* Fed. R. Civ. P. 58(c)(2)(A). Plaintiff's motion, filed on March 7, 2019,[2] is untimely and must be denied on that basis.

Plaintiff also moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) which provides, in pertinent part, that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Once a district court is divested of jurisdiction through appeal of a final judgment, it lacks the power to grant a motion brought pursuant to Rule 60(b) without a remand from the court of appeals. *See Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007). However, Federal Rule of Civil Procedure 62.1 provides that "[i]f a timely motion is made for relief that the court lacks

---

[1] Plaintiff has also filed a document styled as "Objections to Magistrate's Report and Findings Granting Defendants Motion for Summary Judgment." *See* Doc. No. 105. Because the assigned magistrate judge did not prepare a Report and Recommendation in this action, the Court liberally construes Plaintiff's submission as a memorandum of points and authorities in support of his motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(6).

[2] Plaintiff's submissions are subject to the "mailbox rule" which provides that a document is deemed "filed" by a prisoner at the time he delivers it to the prison authorities for forwarding to the clerk of court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (holding that the *Houston* mail box rule applies to § 1983 suits brought by *pro se* prisoners).

authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1.  Accordingly, the Court may consider Plaintiff's motion within these parameters.

The Court notes that Rule 60(b)(6) "is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc*., 452 F.3d 1097, 1103 (9th Cir. 2006).  Here, Plaintiff has not shown that there are extraordinary grounds justifying relief.  Plaintiff disagrees with the Court's findings and conclusions, but mere dissatisfaction with the Court's summary judgment order or belief that the Court is wrong in its decision are not adequate grounds for relief.  *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).  Moreover, a motion for reconsideration may not be used as a vehicle to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to entry of the judgment.  *See Exxon Shipping Co. v. Baker*, 544 U.S. 471, 486-87 (2008); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (holding that a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

Plaintiff also argues that the validity of the judgment is undermined by the Court's failure to appoint counsel to represent Plaintiff and an expert witness to testify on Plaintiff's behalf.  However, district courts lack authority to require counsel to represent indigent prisoners in civil rights cases, *see Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989), and may only request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1) under "exceptional circumstances," which were not present in this case.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Contrary to Plaintiff's contention otherwise, this was not a "legally complex" case.  *See King v. Wang*, No.

2:14-cv-1817 KJM DB P, 2018 U.S. Dist. LEXIS 118409, at *5 (E.D. Cal. July 13, 2018) (citing *Noble v. Adams*, 2009 WL 3028242, at *1 (E.D. Cal. Sept. 16, 2009) (denying plaintiff's request to appoint medical expert witness in section 1983 action because "the issues are not so complex as to require the testimony of an expert"); *Lopez v. Scribner*, 2008 WL 551177, at *1 (E.D. Cal. Feb. 27, 2008) (denying plaintiff's request to appoint medical expert witness in § 1983 action because "the legal issues involved in this action are not particularly complex."); *Hooker v. Adams*, 2007 WL 4239570, at *1 (E.D. Cal. Dec. 3, 2007) (plaintiff's motion for the appointment of an expert witness denied as "the legal issues involved in this action are not particularly complex.")). Additionally, the Court lacks the authority to appoint an expert witness to testify on Plaintiff's behalf. Federal Rule of Evidence 706 permits courts to appoint only neutral expert witnesses. Fed. R. Evid. 706(a). Nor may a court "appoint an expert for plaintiff's benefit to be paid by the court." *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1184 n.11 (E.D. Cal. 2011).

In sum, Plaintiff has not presented "extraordinary circumstances" that would justify relief from judgment.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) as untimely. The Court **DENIES** Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) on the merits.

**IT IS SO ORDERED**.

DATE: May 24, 2019

_____
HON. MICHAEL M. ANELLO
United States District Judge